FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 27 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

CHEYENNE SIMONS,

        Defendant.

---

07-CR-874

**Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)**

**JACK B. WEINSTEIN, Senior United States District Judge:**

    Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 8, 2008, Cheyenne Simons pled guilty to count counts one, six, eight, nine, ten, eleven, twelve, thirteen, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three, and thirty-nine of a forty-count indictment.

Count one charged that between May 2006 and November 2007, the defendant and others conspired to distribute and possess with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).

Counts six, eight, nine, ten, eleven, thirteen, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-seven, thirty-one, and thirty-three each charged that on a specific date, the defendant and others distributed and possessed with the intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The dates ranged from November 21, 2006 to July 30, 2007.

Counts twelve and twenty-nine charged that on January 4, 2007 and on June 20, 2007, respectively, the defendant and others distributed and possessed with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

Count thirty-nine charged that between November 21, 2006 and August 6, 2007, the defendant carried and used a firearm during, in relation to, and in furtherance of the drug trafficking crime charged in count one, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Simons was sentenced on March 27, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under

18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

A Fatico hearing was held at which the court determined that the defendant sold over 500 grams of crack cocaine during and in furtherance of the conspiracy. At sentencing, the court found the total offense level to be thirty-four and defendant's criminal history category to be six, yielding a guidelines range of imprisonment of between 262 and 327 months. Count one carried a minimum term of imprisonment of ten years and a maximum term of imprisonment of life. See 21 U.S.C. § 841(b)(1)(A). Counts six, eight, nine, ten, eleven, thirteen, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-seven, thirty-one, and thirty-three carried a minimum term of imprisonment of five years and a maximum term of imprisonment of forty years. See 21 U.S.C. § 841(b)(1)(B). Counts twelve and twenty-nine carried a maximum term of imprisonment of twenty years. See 21 U.S.C. § 841(b)(1)(C).

Count thirty-nine carried a minimum term of imprisonment of five years and a maximum term of imprisonment of life, to run consecutive to the term of imprisonment imposed for the drug trafficking crimes, "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." 18 U.S.C. § 924(c)(1)(A)(i). The provision requiring a consecutive mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)(i) did not apply because the defendant was already subject to the higher ten-year mandatory minimum of 21 U.S.C. § 841(b)(1)(A). See United States v. Williams, 558 F.3d 166, 168 (2d Cir. 2009) ("the mandatory minimum sentence under Section 924(c)(1)(A) is . . . inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense"). The guidelines range of fine was from $17,500 to $175,000. There were no open charges in the indictment.

Simons was sentenced to ten years imprisonment for count one and two years imprisonment for count thirty-nine, to run consecutive to the sentence for count one. He was sentenced to five years imprisonment for counts six, eight, nine, ten, eleven, thirteen, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-seven, thirty-one, and thirty-three, and to two years imprisonment for counts twelve and twenty-nine, all of which shall be served concurrently with the sentences imposed for counts one and thirty-nine. Simons was also sentenced to five years supervised release, concurrent on all counts. An $1,800 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under section 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious. The defendant was a member of a gang that disturbed the peace and threatened the safety of a public housing project. The defendant has substantial medical issues. Simons has a need for vocational and educational training that can best be accomplished while he is incarcerated for a significant length of time. The sentence imposed reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a

clear message that any involvement in drug gangs will result in a substantial prison sentence.

Specific deterrence is achieved through incapacitation.

Jack B. Weinstein  
Senior United States District Judge

Dated: May 4, 2009
      Brooklyn, New York